IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| -vs- ) | Criminal No. 06-223 |
| MARCUS WISEMAN, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Chief District Judge.

## **MEMORANDUM OPINION**

Defendant has filed a Motion in Limine (Docket No. 30) to Exclude Evidence of Defendant's Prior Conviction. The Motion is denied for the following reasons.

Defendant has been charged in a ten-count Indictment with Conspiracy (Count I), Wire Fraud (Counts II through VI) and Accepting Bribes by a Bank Employee (Counts VII through X).

The Government's allegations in this case are that Defendant's co-conspirators, with Defendant's assistance, applied for loans through Defendant, a loan officer and underwriter for Guaranty Residential Lending and National City Mortgage (both wholly owned subsidiaries of federally insured banks) with fraudulent documents. Defendant allegedly received money from the co-conspirators to process the alleged fraudulent loans expeditiously.

During the same time frame that these events allegedly occurred, Defendant admitted accepting bribes from yet another co-conspirator for knowingly

1

processing other fraudulent loans in exchange for the payment of bribes to Defendant. These activities resulted in a criminal action filed in the United States District Court for the District of Columbia. Defendant co-operated with the Government in that case and pleaded guilty to Accepting Bribes by a Bank Employee, which was classified as a misdemeanor.

The Government has indicated that it intends to offer into evidence in this trial evidence of Defendant's conviction of Accepting Bribes by a Bank Employee in the United States District Court for the District of Columbia pursuant to Rule 404(b). It is this evidence that the Defendant seeks to exclude.

Under Rule 404(b), "evidence of other crimes...is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Repeatedly, our Court of Appeals has emphasized that Rule 404(b) is a rule of inclusion, rather than exclusion, and that the admission of 404(b) evidence relevant for any other purpose than to show Defendant's propensity to commit the charged offense is favored.

There is a four-part test to determine the admissibility of 404(b) evidence:

(1) whether the evidence is probative to a material issue other than character;

(2) whether the evidence is relevant;

(3) whether its probative value outweighs the prejudice to Defendant; and

> (4) whether a limiting instruction to the jury will be given by the Court.

U.S. v. Butch, 256 F.3d 171 (3d Cir. 2001)

As to the first test, the Government persuasively outlines numerous and proper evidentiary purposes for admission of the prior conviction.

To prove Defendant is guilty of Accepting Bribes by a Bank Employee, the Government must prove, among other things, that Defendant was an employee of a federally insured bank and that he accepted the bribes knowingly and corruptly. The status of Defendant's employment is an issue since Defendant was working for wholly owned subsidiaries of federally insured banks, rather than for the banks. Admission of Defendant's conviction in the District of Columbia and his guilty plea colloquy would establish this fact and avoid any confusion over whether he was the functional equivalent of an employee of the banks themselves.

Additionally, the fact that Defendant pleaded guilty to the exact same conduct demonstrates the he accepted the bribes "knowingly and corruptly," and that his acceptance of the bribes was not a mistake or accident. Clearly, his prior conviction is relevant to establish intent and willfulness.

As to the second test, all the purposes for admitting the evidence are relevant, as set forth above.

As to the third test, clearly the evidence is prejudicial to Defendant. Nevertheless, it is highly probative and the weighing process goes in favor of admission.

As to the fourth factor, I will instruct the jury that they are <u>not</u> permitted to

3

use the 404(b) evidence as evidence of Defendant's character but must consider it solely for the purposes set forth within.

Further, I find that Defendant's prior conviction is a proper subject for cross-examination in that it is impeachment evidence under Rule 609(a)(2), since the conviction of accepting bribes knowingly and corruptly is crimen falsi and has bearing on Defendant's propensity to testify truthfully.

THEREFORE, this 5th day of February, 2007, it is Ordered that the Defendant's Motion in Limine (Docket No. 30) to Exclude Evidence of Defendant's Prior Conviction is Denied.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge